IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                   Case No. 18-10048-01-JWB

JOSE ROJAS,
a/k/a Jose Berti Rojas-Rojas,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on the government's motion to dismiss the indictment without prejudice. (Doc. 12.) Defendant agrees the indictment should be dismissed, but argues the dismissal should be with prejudice. (Doc. 13.) For the reasons stated herein, the government's motion to dismiss without prejudice (Doc. 12) is GRANTED.

**I. Background**

Defendant was charged, first by complaint and then by indictment, with unlawful reentry into the United States after having been previously deported, in violation of 8 U.S.C. § 1326(a). (Docs. 1, 2.) Although the indictment was filed on April 25, 2018, Defendant was not arrested until November 6, 2018, the date he made his first appearance. (*See* Doc. 3.) On November 9, 2018, the Magistrate Judge denied the government's motion for detention and ordered that Defendant be released on bond. (Doc. 10.) Shortly thereafter, the court entered a scheduling order setting the matter for jury trial on January 15, 2019. (Doc. 11.)

On December 7, 2018, the government moved to dismiss the indictment without prejudice pursuant to Rule 48(a). The motion did not give a reason for dismissal. (Doc. 12.) Defendant filed

a response arguing the dismissal should be with prejudice, asserting that after the Magistrate Judge set conditions of release, Defendant was turned over to immigration authorities as a result of an immigration detainer and was soon thereafter deported to Mexico. (Doc. 13 at 1.) Defendant argues deportation could have been prevented had the two Executive Branch agencies involved (the Department of Justice (DOJ) and the Department of Homeland Security (DHS)) communicated with each other and agreed to stay the immigration detainer until completion of the criminal case. Defendant argues the dismissal "is occurring because two competing Article II agencies chose not to work with one another," such that a dismissal with prejudice is warranted. (*Id.* at 5.)

**II. Analysis**

Rule 48(a) of the Federal Rules of Criminal Procedure provides that "[t]he government may, with leave of court, dismiss an indictment." The words "leave of court" were inserted for the apparent purpose of protecting a defendant "against prosecutorial harassment, e.g., charging, dismissing, and recharging, when the Government moves to dismiss an indictment over the defendant's objection." *Rinaldi v. United States*, 434 U.S. 22, 30, n. 15 (1977) (citations omitted.)

A court "is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is clearly contrary to manifest public interest." *United States v. Amaya*, 206 F. App'x 757, 761 (10th Cir. 2006) (citation omitted.) In *United States v. Derr*, 726 F.2d 617 (10th Cir. 1984), the Tenth Circuit said that to honor the purpose of the rule, "the trial court at the very least must know the prosecutor's reasons for seeking to dismiss the indictment and the facts underlying the prosecutor's decision." *Id.* at 619 (indicating trial court abused its discretion by not requiring government to state its reasons for wanting to dismiss indictment.) The government has not set

forth the reasons for dismissal in its motion, but Defendant's response clearly shows that Defendant's deportation is the basis for the request.

Several courts have expressed frustration with the failure of DOJ and DHS to better coordinate their actions concerning criminally-charged aliens who are subject to immigration detainers. In *United States v. Ailon-Ailon*, 875 F.3d 1334 (10th Cir. 2017), the Tenth Circuit found the prospect that ICE will deport a defendant if he is released on bond in a criminal case does not make that individual a "flight risk" subject to detention under the Bail Reform Act. In response to the government's argument that ICE would have to remove any such person within ninety days of his release on bond, the *Ailon* court pointed to regulations allowing ICE to temporarily prevent an alien from leaving the country if the person is a party to a criminal case. At any rate, such a conflict "is a matter for the Executive Branch to resolve internally." *Id.* at 1339. The "problem here is not that defendant will absent himself from the jurisdiction, but that two Article II agencies will not coordinate their respective efforts…. It is not appropriate for an Article III judge to resolve Executive Branch turf battles." *Id.* (quoting *United States v. Barrera-Omana*, 638 F.Supp.2d 1108, 1111 (D. Minn. 2009)). *See also United States v. Blas*, 2013 WL 5317228 (S. D. Ala. Sept. 20, 2013); *United States v. Trujillo-Alvarez*, 900 F.Supp.2d 1167 (D. Or. 2012).

The above cases do not address whether a dismissal resulting from a consented-to motion to dismiss under Rule 48(a) should be with or without prejudice.[1] *Ailon* only addressed the standards for release in a criminal case. In fact, after determining that the defendant in that case should be released under the Bail Reform Act, the court said that when the conditions of bond

---

[1] Defendant points out that in *United States v. Clemente-Rojo*, No. 14-10046-MLB (D. Kan.), Judge Belot rejected the government's motion for pretrial detention and said that if ICE elected to take the defendant into custody, "this court will immediately dismiss the indictment, with prejudice." (*Id.*, Doc. 27 at 6, n.2.) After ICE detained the defendant, Judge Belot dismissed the indictment with prejudice, but he did so without addressing why a dismissal with prejudice was the proper disposition. (*Id.*, Doc. 31.)

were met "the United States Marshals shall release [defendant] to ICE custody, pursuant to the detainer." *Ailon*, 875 F.3d at 1340. In *Trujillo-Alvarez*, the government wanted to *maintain* the criminal prosecution while defendant was in ICE custody in another district, notwithstanding a judge's order for release in the criminal case. *Trujillo-Alvarez*, 900 F. Supp.2d at 1171. In ruling on a defense motion for contempt, the *Trujillo* court relied on its inherent supervisory powers to order the government to return the defendant to the district and to release him, saying otherwise the criminal charge "will be dismissed with prejudice." *Id.* at 1181. The court found such a remedy appropriate, in part, because the government was interfering with defendant's right to counsel in the ongoing criminal case. *Id.* *Trujillo* is clearly inapplicable to the case at hand, where the government seeks to dismiss the indictment. Similarly, in *Blas*, the court addressed a defense motion to clarify the defendant's bond status, not a government motion for dismissal, and it did not address whether a Rule 48(a) dismissal should be with or without prejudice.

In *United States v. Alvarado-Velasquez*, 322 F.Supp.3d 857 (M.D. Tenn. 2018), a district court examined the extent of its discretion under Rule 48(a) and concluded it was "'duty bound' to grant the government's Rule 48(a) motion to dismiss an indictment without prejudice unless 'it specifically determines that the government is operating in bad faith' in pursuing the motion." *Id.* at 860 (quoting *United States v. Mujahid*, 491 F. App'x 859, 860 (9th Cir. 2012)). Like the instant case, the defendant in *Alvarado* was detained by ICE after a magistrate judge granted pretrial release, and the defendant was then deported before trial. The *Alvarado* court found no bad faith under those circumstances and granted the dismissal without prejudice. It added, however, that inter-agency cooperation "should be the norm" and that "the ruling may be quite different should the same circumstances arise again in the future." *Id.*

Rule 48(a) itself recognizes a discretionary power in the government to dismiss an indictment prior to trial, subject only to review by the court to prevent harassment of a defendant or other action manifestly contrary to the public interest. *See Amaya*, 206 F. App'x at 760 (court required to grant dismissal unless it is "is clearly contrary to manifest public interest.") *Cf. The Confiscation Cases*, 74 U.S. 454, 457 (1868) ("Public prosecutions … are within the exclusive direction of the district attorney, and even after they are entered in court, they are so far under his control that he may enter a *nolle prosequi* at any time before the jury is empaneled," except as otherwise provided by Congress.) Granting the government's motion to dismiss without prejudice in the instant case is not manifestly against the public interest. To the extent pursuing concurrent criminal charges and immigration proceedings against an individual could be said to unfairly subject him to conflicting standards, orders, or liabilities, the dismissal of the indictment by the government resolves any conflict. The only question here is whether the government should be foreclosed from possibly reinstituting the charge in the future. As to that question, nothing in the current record lends itself to a conclusion that dismissal of the indictment constitutes an effort to harass Defendant or that the dismissal is otherwise "tainted with impropriety." *Rinaldi*, 434 U.S. at 30. The request comes well in advance of the trial date, and the fact of Defendant's deportation provides an obvious and legitimate reason for dismissing the indictment. Moreover, there is no reason why that election by the government should confer immunity on Defendant for the alleged offense. The prospect of refiling obviously gives Defendant a disincentive to unlawfully reenter the country, but that is not manifestly contrary to the public interest. *Cf. United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000) (dismissal of an indictment with prejudice is a "harsh remedy" that allows the interest in orderly administration of justice to override the interests of victims and the public in the enforcement of the criminal law.) Moreover, the statute of limitations protects

Defendant against the government recharging the offense after an unreasonable period of time. In sum, the court concludes that the circumstances do not warrant dismissing the indictment with prejudice. *Cf.* 18 U.S.C. § 3162(a)(2) (in determining whether dismissal for violation of the Speedy Trial Act should be with or without prejudice, court must consider the seriousness of the offense, the circumstances which led to dismissal, and the impact of a re-prosecution on the administration of justice.)

IT IS THEREFORE ORDERED this 19th day of December, 2018, that the government's Motion to Dismiss (Doc. 12) is GRANTED. The indictment is hereby DISMISSED WITHOUT PREJUDICE.

\_\_\_s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE